IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SOUTHERN GENERAL AGENCY, INC. PLAINTIFF

VS. CIVIL ACTION NO. 5:10-cv-48(DCB)(JMR)

ACCC INSURANCE COMPANY;
JACK H. IKENEGA, SR.; and
STANLEY EVANS DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff Southern General Agency, Inc. ("SGA")'s motion to remand or to stay **(docket entry 16)**. Also before the Court are the defendants' motions to dismiss or transfer for improper venue **(docket entries 3 and 5)**. Having carefully considered the motions and responses, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

Southern General Agency, Inc. ("SGA") is a Louisiana corporation whose principal place of business is in Louisiana. SGA is an general insurance agency that performs various services for insurance companies, including building relationships with retail agencies or "sub-producers" of SGA. In its Complaint, filed in the Circuit Court of Claiborne County, Mississippi, SGA alleges that prior to 2007, SGA and ACCC Insurance Company ("ACCC")[1], through its controlling officer and director, Jack H. Ikenega, Sr.

---

[1] ACCC is a Texas corporation with its principal place of business in Texas.

(“Ikenega”)[2], entered into an agreement whereby SGA agreed to solicit and appoint “sub-producers” in the State of Mississippi to sell/write insurance policies and provide insurance business for ACCC. In return, ACCC agreed to pay SGA commissions for all new and renewed insurance business written in the State of Mississippi. The Complaint further alleges that in October of 2007, ACCC hired Stanley Evans (“Evans”) as a marketing representative for the State of Mississippi. After Evans was hired, ACCC paid commissions to SGA, according to its agreement with SGA, for all new and renewed business written in Mississippi through the SGA-appointed “sub-producers,” including all insurance business written through Evans, whether through Evans’ individual efforts or through agencies appointed by Evans. The Complaint also alleges that Evans was aware of the agreement between SGA and ACCC.

The Complaint further alleges that in October of 2009, ACCC began to withhold commissions from SGA, reducing SGA’s commissions by the amounts it had already been paid for business produced by Evans. SGA claims that this was a breach of its agreement with ACCC by ACCC and Ikenega. SGA further claims that the breach was precipitated and facilitated by Evans, constituting tortious interference with contract. The Complaint alleges that the acts of the defendants were intentional, willful and malicious, and caused

[2] Ikenega is a resident and domiciliary of the State of Texas.

damages to SGA including the loss of commissions. SGA also seeks punitive damages.

ACCC, Ikenega and Evans timely removed the state court action to this Court on the basis of diversity jurisdiction, alleging improper joinder of Evans. Evans is a citizen of the State of Mississippi whose joinder, if proper, bars removal of this action pursuant to 28 U.S.C. § 1441(b)(precluding removal of a case where a "properly joined Defendant is a citizen of the state in which such action is brought"). The plaintiff now seeks to have its case remanded to the state court, contending that Evans was properly joined. The defendants oppose the motion, seek to have Evans dismissed, and move to have this case dismissed or transferred for lack of proper venue. Because it is determinative of the Court's jurisdiction in this matter, the Court will first address the plaintiff's motion to remand.

The removing party has the burden of proving improper joinder. Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989). To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. IRBM, 326 F.3d 644, 647 (5th Cir. 2003)(citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)). The defendants assert only the second method as their basis for removal.

To establish a cause of action for tortious interference with contract under Mississippi law, the plaintiff must prove that an enforceable obligation existed between the plaintiff and another party, and that the contract would have been performed but for the alleged interference of the defendant. Par Industries, Inc. v. Target Container Co., 798 So. 44, 48 (Miss. 1998). The plaintiff must also prove "(1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted." Id. (citations omitted). "The element of willfulness and calculation does not require a showing on the part of the plaintiff that defendant had a specific intent to deprive plaintiff of contractual rights. Rather, the requisite intent is inferred when defendant knows of the existence of a contract and does a wrongful act without legal or social justification that he is certain or substantially certain will result in interference with the contract." Lipton v. Home Ins. Co., 659 F.Supp.2d 276, 281 (S.D. Miss. 1986).

SGA alleges that there was a contract between SGA and ACCC, that Evans knew of the contract, that Evans intentionally interfered with the contract to deprive SGA of its commissions and to obtain them for himself, and that a breach of the contract by

ACCC resulted, causing actual damage and loss to SGA. The defendants argue that Evans was an employee or agent of ACCC, so that his actions were privileged or justifiable. SGA argues that Evans was merely an independent contractor, and is not entitled to the "justifiable cause" defense.

One of the elements of tortious interference with contract is that the defendant's acts were done "without right or justifiable cause." Mississippi law recognizes that "one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person." Shaw v. Burchfield, 481 So.2d 247, 255 (Miss. 1985). However, an independent contractor by definition is not an employee. See Matthews v. Belk Department Stores, LP, 2008 WL 504032 *4 (S.D. Miss. Feb. 20, 2008). See also Dallis v. Don Cunningham & Assoc., 1991 WL 191350 *3 (N.D. Ill. Sept. 24, 1991)(corporate privilege and corporate officer exceptions do not apply to independent contractor).

These same arguments (employee vs. independent contractor in the context of a tortious interference claim) were made by the plaintiff and defendants in Canada v. New England Life Ins. Co. of Boston, Mass., 2004 WL 2626544 (N.D. Tex. Nov. 17, 2004). That case also had been removed from state court on the basis of improper joinder, and was before the district court on the

plaintiff's motion to remand. The district court noted:

> At this stage of the proceedings, the question before the Court is not whether Plaintiff will ultimately prevail but rather, whether there is any reasonable basis on which he could prevail. Under a Rule 12(b)(6)-type analysis, this Court should grant remand unless Plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the Complaint. See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002). it is not proper to weigh the argument of Plaintiff and the Defendants to determine which is meritorious. Plaintiff's Motion to Remand must be granted if his arguments for joining the Texas Defendants provide a reasonable basis for recovery. "Importantly, if there is doubt as to whether a plaintiff has stated a cause of action, the joinder is not [improper] and the case should be remanded. Because the burden is on the removing party, the Fifth Circuit instructs that the removal statutes are to be construed narrowly, with all doubts resolved in favor of remand to the state court."

Id. at *3 (quoting Levario v. NCO Fin. Sys., 2004 U.S. Dist. LEXIS 9496, *11 (W.D. Tex. May 21, 2004)). The court therefore resolved the issue in favor of the plaintiff for purposes of the improper joinder analysis, and remanded. Id. See also Del Carmen Flores v. Summit Hotel Group, 492 F.Supp.2d 640, 642-43 (W.D. Tex. 2006)(noting that "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper," and finding that "Whether an agency relationship exists is generally a question of fact ... and in a motion to dismiss for improper joinder all disputed facts ... must be resolved in favor of the plaintiff")(internal quotations and citations omitted).

The Court also notes that even if Evans were ACCC's employee

or agent, he would be entitled to the "justified cause" defense only if he was acting in the course and scope of his employment and without bad faith. Sago v. Wal-Mart Stores, Inc., 280 F.Supp.2d 578, 585 (S.D. Miss. 2003). It is not necessary for direct evidence of bad faith to exist, since such an inference usually arises as an inference from other evidence. Id. As with the employee/agent relationship issue, the burden to prove improper joinder is heavy, and raising issues of fact is not sufficient to carry the defendants' burden.

The defendants also argue that SGA's statement, in its brief supporting its motion to remand, that "only because SGA and ACCC were having contractual issues in other states, ACCC unilaterally stopped paying commissions to SGA ...," is dispositive of the causal connection element of SGA's tortious interference claim against Evans. In support, ACCC cites Menendez v. Wal-Mart Stores, Inc., 2010 WL 445470 **4 n.6 (5th Cir. Feb. 1, 2010). Footnote 6 reads as follows:

> FN6. We treat the plaintiff's statement in their briefing before the district court that Mr. Menendez was a citizen of Texas as a binding judicial admission. See City Nat'l Bank v. United States, 907 F.2d 536, 544 (5th Cir. 1990 (noting that the court may "appropriately treat statements in briefs as binding judicial admissions of fact"); see also Ruiz v. Allstate Ins. Co., 295 Fed.Appx. 668, 671-72 (5th Cir. 20080(unpublished)(finding improper joinder where plaintiff admitted in his briefing before the district court that his claims against the non-diverse defendant lacked merit).

Id. The Fifth Circuit has also observed:

> A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention. A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact. McCullough v. Odeco, Inc., No. CIV.A. 90-3868, 1991 WL 99413, at *2 (E.D. La. May 30, 1991). By contrast, an ordinary evidentiary admission is "merely a statement of assertion or concession made for some independent purpose," and it may be controverted or explained by the party who made it. McNamara v. Miller, 269 F.2d 511, 515 (D.C. Cir. 1959). "A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party." Keller v. United States, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995)(quoting John William Strong, McCormick on Evidence, § 254 at 142 (1992)).

Martinez v. Bally's Louisiana, Inc., 244 F.3d 474, 476-77 (5th Cir. 2001). SGA's statement in its brief was not made as an intentional waiver, and is not a judicial admission. It may, however, be considered an admission of a party at the discretion of the trial court. If it is accepted as such, it will be subject to being controverted or explained by the plaintiff. This is an evidentiary and merits-based issue that is not properly part of the improper joinder inquiry.

The Fifth Circuit has cautioned against pre-trying a case on its merits when determining if subject matter jurisdiction exists. Clear Channel Commun., Inc. v. Citigroup Global Markets, Inc., 541 F.Supp.2d 874, 879 (W.D. Tex. 2008)(citing Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990)). "[T]he question is not whether [the plaintiff] will actually prevail in prosecuting

its claim. The only question is whether it has any reasonable possibility of prevailing under the facts alleged." Id. (emphasis in original). Because the defendants have not shown that the plaintiff would not be entitled to any relief under any set of facts or any possible theory that it could prove consistent with the allegations in the Complaint, the plaintiff's motion to remand must be granted, and the plaintiff's motion to stay and the defendants' motions to dismiss or transfer must be denied as moot. Accordingly,

IT IS HEREBY ORDERED that the plaintiff Southern General Agency, Inc.'s motion to remand **(docket entry 16)** is GRANTED, and a separate order remanding this case to the Circuit Court of Claiborne County shall follow;

FURTHER ORDERED that the plaintiff's motion to stay **(docket entry 16)** and the defendants' motions to dismiss or transfer for improper venue **(docket entries 3 and 5)** are DENIED AS MOOT.

SO ORDERED, this the ____ day of March, 2011.

______________________________
UNITED STATES DISTRICT JUDGE